PIERRE COTE *vs.* BATES MANUFACTURING COMPANY.

Androscoggin.   Opinion December 10, 1897.

*Contract.   Wages.   Forfeiture.   Stat. 1887, c. 139, § 4.*

It is provided by the statute of this state that employers engaged in manufacturing or mechanical business may contract with their employees, that a week's notice of intention to quit work shall be given.   In such case, the employer is required to give notice of intention to discharge the employee; and on failure, shall pay to such employee a sum equal to one week's wages.

In this case the defendant claimed that the plaintiff quit work without giving and working the week's notice, and retained one week's wages.   The plaintiff claimed that he was discharged without notice, and that he was entitled to recover the week's wages due, and another sum equivalent to a week's wages as a forfeiture of defendant.

*Held;* that the facts of the case do not support the claim of forfeiture by either party; and that the plaintiff is entitled to recover the amount due him when he quit work, for labor before then performed.

ON REPORT.

This was an action brought against the Bates Manufacturing Company under the statute of 1887, c. 139, § 4, as follows:

"It shall be lawful for any person, firm or corporation engaged in any manufacturing or mechanical business, to contract with adult or minor employees to give one week's notice of intention on such employee's part, to quit such employment under a penalty of forfeiture of one week's wages. In such case, the employer shall be required to give a like notice of intention to discharge the employee; and on failure, shall pay to such employee a sum equal to one week's wages. No such forfeiture shall be enforced when the leaving or discharge of the employee is for a reasonable cause. Provided, however, the enforcement of the penalty aforesaid shall not prevent either party from recovering damages for a breach of the contract of hire."

The action was to recover $7.14 wages due the plaintiff from the defendant, and a like amount $7.14 equivalent to one week's wages as a forfeiture under the above statute.

The facts are stated in the opinion.

*M. L. Lizotte,* for plaintiff.

*W. H. White and S. M. Carter,* for defendant.

Notice of a proposed reduction would not excuse this plaintiff from doing what he had expressly agreed to do.

A proposed reduction in wages would not be binding upon the plaintiff unless he assented to it.

His clear duty under his contract with the company, if he did not wish to work at the proposed reduction, was to give the company notice, and then without doubt he would have been entitled to recover his compensation at the old rate up to the expiration of his notice.

The general rule of law governing this class of cases is stated in the following cases:

*Noon* v. *Salisbury Mills,* 3 Allen, 340; *Partington* v. *Wamsutta*

*Mills*, 110 Mass. 467; *Naylor* v. *Fall River Iron Works*, 118 Mass. 317; *Preston* v. *American Linen Co.*, 119 Mass. 400.

SITTING: PETERS, C. J., FOSTER, HASKELL, STROUT, SAVAGE, JJ.

STROUT, J. Plaintiff was a weaver in defendant's mill, receiving fifty cents per cut. His contract, which was in writing, provided that he should give one week's notice of his intention to quit, and work that week; and that if he quit without giving and working such notice, he should forfeit one week's wages. The statute imposes a like forfeiture by a corporation for the discharge of its laborer, without one week's notice of its intention. On Saturday, May 16, 1896, defendant owed plaintiff for two week's work, amounting to $14.28. On May 11, defendant gave notice of a reduction in pay of weavers to forty-eight cents per cut, to take effect on Monday, May 18. Plaintiff says he first knew of this on May 16. On Monday, May 18, plaintiff went into the mill, but did not start his loom, and he, with others, refused to work at the reduced rate, and left. He says he was willing to work his notice at the old price, but understood that if he worked longer, he would only be paid at the reduced rate. He was not told that if he gave notice, and worked the week, he would receive the old price. He went back on the following Wednesday and worked one week, for which he was paid at the rate of forty-eight cents per cut, and was also paid seven dollars and fourteen cents, for one week's work previously done, the company retaining an equal amount as forfeited, on the ground that he left without giving the required notice.

This action is brought to recover the amount withheld, and also a like amount as forfeiture under the statute, for discharging him without notice. The case fails to show legal ground for recovery of forfeiture, as defendant did not attempt to discharge plaintiff.

As to the week's unpaid wages, whatever might have been the legal right of plaintiff to recover at the old rate, if he had given notice on the 18th and worked his week, the plaintiff had good reason to suppose that he would not be so paid, and was therefore justified in leaving. If defendant intended to pay fifty cents per

cut, for the time of the week's notice, it could very easily have so informed the plaintiff. But failing in this, and the. reply of the superintendent to a remonstrance of the weavers, that the old price would not be restored, fairly gave the weavers to understand that only forty-eight cents per cut would be paid after May 18. Acting upon this inference, warranted by all the circumstances, the plaintiff was justified in leaving, and incurred no forfeiture thereby.

He is entitled to recover the week's wages withheld.

*Judgment for plaintiff for seven dollars and fourteen cents, and interest from date of writ.*